HONORABLE SALVADOR MENDOZA, JR.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINE FORD, a single person,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF PEND OREILLE, PEND OREILLE COUNTY SHERIFFS DEPARTMENT, SHERIFF ALAN BOTZHEIM, DEPUTY KEVIN OLSEN, DEPUTY BILL ZAMORA, DEPUTY TRAVIS STIGALL,<br><br>　　　　　　　　　Defendants. | CASE NO.: 2:16-CV-0244-SMJ<br><br>STIPULATED PROTECTIVE ORDER |

ORDER

IT IS HEREBY ORDERED that the following procedures shall apply to the personnel, training records, hiring files, employment files, Field Training Officer (FTO) files, administrative files and any other files pertaining to deputies of the Pend Oreille County Sheriff's Department, and any written documents or documents rendered in other media that contain any personal information regarding any third party in the above-referenced matter or not a party hereto but

PROTECTIVE ORDER - page 1

pursuant to a request for release by Plaintiff's counsel. Pend Oreille County has designated these records as "Confidential," subject to the following provisions:

1. The personnel records, employment records, hiring files, administrative files, training records, and/or internal affairs reports and/or investigations, financial and tax records, of all deputies/employees of the Pend Oreille County Sheriff's Department (herein "Records"), shall be produced and used solely for the purposes of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

    a. The parties, their attorneys and the attorney's employees;

    b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

    c. Any other person with prior written consent of the party producing the documents.

2. All of the foregoing persons, other than the parties' attorneys and their employees, shall be shown a copy of this Order and shall sign it or otherwise signify in writing prior to being shown "Confidential" documents that the person has read the Order and

PROTECTIVE ORDER - page 2

consents to be bound by its terms. Attached hereto as Exhibit A is a sample copy of a consent form.

3. All documents bearing the social security number, dates of birth, bank account identifications, financial information, and/or driver's license of any individual, whether a Sheriff Deputy or a third party, shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

4. All documents bearing the addresses and phone numbers of Sheriff Deputies or other law enforcement personnel and those individual's friends and families shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

5. The addresses and phone numbers of non-party individuals mentioned, referenced, or noted in any way in the above-referenced documents (Paragraph 1) shall also be redacted.

6. Prior to filing or submitting into evidence in this action any "Confidential" material (including the filing of any pleadings which incorporate or disclose "Confidential" material) by counsel for either party in this action, said counsel shall seal said "Confidential" material and is to be retained under seal unless ordered opened by

PROTECTIVE ORDER - page 3

the Court.  Such sealing and filing shall be accomplished in accordance with the appropriate court rules for filing material under seal, and the material shall remain under seal with the Court, unless the Court otherwise orders.  Such "Confidential" material shall not become a part of the public record in this action, nor shall it otherwise be made available to the public.  Only persons authorized under the provisions of this Protective Order, the Court (including any court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be given access to any such "Confidential" material or to any testimony or oral statements disclosing the substance thereof.

7.  Upon completion of this litigation, all copies of the Records or documents or testimony with references thereto shall, at Pend Oreille County's option, be destroyed or returned to Pend Oreille County's counsel.  This is to include all copies reproduced by any party, agent, employee or expert of Plaintiffs and Co-Defendants.

8.  No documents or information from the Records shall be used for any purpose unrelated to the conduct of this litigation.

PROTECTIVE ORDER - page 4

9.  Nothing contained herein shall be construed to prejudice or limit any party's right to use the Records in taking of depositions or at trial to the extent permitted, if at all, under the Rules of Evidence and Civil Procedure.

10. Nothing in this Order shall prevent any party hereto from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

11. Violation of the terms of this Order, by any of the signatories to this agreement, their employees, agents or experts may subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 22 day of August, 2016.

_____
The Hon. Salvador Mendoza, Jr.
United States District Judge

PROTECTIVE ORDER - page 5

# EXHIBIT A
## CONFIDENTIALITY ACKNOWLEDGEMENT

1. I have read and understand the attached Stipulated Protective Order that has been entered in Christine Ford v. Pend Oreille County, et al.; 2:16-CV-0244-SMJ before the District Court of the Eastern District of Washington;

2. I understand that I may be given access to Confidential information, and in consideration of that access, I agree that I shall be bound by all the terms of the Stipulated Protective Order;

3. I understand that I will not disclose or discuss Confidential information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed this Confidentiality Agreement;

4. I understand that all Confidential information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of this Confidential information, or any information obtained there from, in any manner contrary to the provisions of the Protective Order will subject me to possible sanctions by the Court.

Dated this ____ day of _____2016.

_____
Name:

PROTECTIVE ORDER - page 6